This action arose out of the purchase of a 1939 wooden hulled schooner. After a jury-waived trial, a judge found in favor of the plaintiffs on count I, which he treated as a claim of money had and received. He dismissed all other claims and counterclaims. The defendants appeal from the judgment in the amount of $14,783.81. We affirm.[4]
We recite the judge's findings of facts relevant to the issues before us.[5] In 2006, Matthew and Cynthia Sutphin purchased the schooner for $165,000 from a corporation wholly owned and controlled by Townsend D. Thorndike. The Sutphins made a nonrefundable $50,000 deposit on signing, agreeing to pay the balance of the purchase price over time. A long and troubled transactional course followed, marked by numerous late payments, default, litigation, and multiple attempts at settlement. The history is set forth in the judge's decision and need not be repeated in detail here.
Pertinent to the present case, in June of 2008, the parties entered into a settlement agreement relating to an earlier lawsuit brought by Thorndike against the Sutphins. In September of 2009, the parties entered into a "modification" of that settlement agreement, which called for, inter alia, the additional payments of $20,000 to Thorndike and $3,500 to Thorndike's attorney, continuation of monthly payments of $3,500 to Thorndike, and for the Sutphins to "pay all accrued interest no later than 12/31/09, unless sooner paid." In late December, 2009, the Sutphins, through their attorney, requested a payoff figure due under the modification from Thorndike. In response, Thorndike provided a "cryptic" accounting, claiming he was owed $73,882.04.[6] On January 31, 2010, the Sutphins personally delivered $74,000 to Thorndike at his home in New Hampshire.[7] Thorndike accepted this amount. The judge ultimately found that because the Sutphins overpaid Thorndike by $14,783.61, they were entitled to the return of the money under the equitable doctrine of money had and received. See Blue Cross of Mass., Inc. v. Travaline, 398 Mass. 582, 588 (1986) ; Rubin v. Murray, 79 Mass. App. Ct. 64, 81 n.17 (2011).
We must accept the trial judge's findings of fact unless they are clearly erroneous. See Cavadi v. DeYeso, 458 Mass. 615, 624 (2011). We review a judge's ultimate decision to grant equitable relief for abuse of discretion. Ibid.
On appeal, Thorndike admits that he believed his payoff figure calculation was correct. However, he argues that, contrary to the finding of the judge, the evidence showed that Matthew Sutphin believed the calculation "was in error," and, therefore, recovery under mutual mistake of fact cannot lie. We disagree.
The judge's finding that the Sutphins were operating under a mistake of fact was not clearly erroneous. Matthew Sutphin did testify that he sensed that "something was wrong" with the figure, but he "couldn't put [his] finger on it." He also testified that he and his attorney had some doubts about the accounting, which looked "rough" and was not professional. However, his attempts to obtain more information about Thorndike's calculations, through his attorney, were unsuccessful.[8] Matthew Sutphin consistently testified that he relied on Thorndike's accounting to establish the balance due and owing to obtain title; and he expressly denied having any specific knowledge of an overpayment when he delivered the money to Thorndike.[9]
The cases relied upon by Thorndike in support of his argument are inapposite, and do not provide persuasive grounds to disturb the judgment. The Sutphins were not seeking the rescission or reformation of the modification or any written contract, but rather the return of an overpayment, which in equity and good conscience belonged to them. The judge was warranted in finding a shared mistake of fact here. The evidence established that no one involved, including the bookkeeper, knew precisely how much was owed. The cases relied upon by Thorndike involving written contracts based on alleged mistakes at the time of contract formation and unilateral mistakes are distinguishable from the present circumstances and unavailing. See Covich v. Chambers, 8 Mass. App. Ct. 740, 747-748 & n.12 (1979) ; Nissan Autos. of Marlborough, Inc. v. Glick, 62 Mass. App. Ct. 302, 307-308 (2004).[10] The principles of law set forth in Restatement (Second) of Contracts §§ 152 - 154 (1981) pertain to contract formation and are also inapplicable on the facts of this case.[11]
Judgment affirmed.

By failing to address any of their counterclaims in their brief, the defendants have waived them. See King v. Driscoll, 418 Mass. 576, 585 n.8 (1994). Although the plaintiffs also filed a notice of appeal, they did not enter an appeal in this court. Any cross appeal is waived.

The judge issued posttrial findings of fact and rulings of law in a comprehensive written order for judgment.

The judge found, based on testimony that he found credible, that the payoff figure was "cobbled together by Thorndike and his part[-]time bookkeeper, neither of whom understood the calculation of periodic interest nor did they appreciate the disarray in the defendant's records."

The judge found that the Sutphins added in $117.96 because they "feared being a dollar short." Thorndike had in hand an agreement for judgment that allowed him to take possession of the vessel. The Sutphins, the judge found, feared Thorndike's power to repossess the vessel.

On January 27, 2010, the Sutphins' attorney notified Thorndike's attorney that he still had "not received an accounting as to how [the payoff figure was] calculated" and that he "suppose[d] this [would] have to wait until after the fact, as both efforts to provide this detail have ended up in indecipherable e-mail and a handwritten sheet with no particular clarity."

After delivering the money, Matthew Sutphin discovered errors in the payoff figure calculations, including payments that had not been credited to the Sutphins.

We are not persuaded by Thorndike's claim that the Sutphins were aware of the mistake and thus must bear the risk for that mistake. As the judge recognized, the Sutphins' state of mind with respect to the accuracy of Thorndike's calculation was a disputed issue for the fact finder to determine.

To the extent we do not discuss other arguments made by the parties, they have not been overlooked. "We find nothing in them that requires discussion." Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).